UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVIN P. CHRISTOPHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 00-CV-0034-CVE-PJC |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **NEC SPARTAN SCHOOL OF** ) | |
| **AERONAUTICS** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff Kevin P. Christopher's Motion, and Brief in Support, For Declaratory Relief (Dkt. # 92). Plaintiff, appearing pro se, filed a Complaint (Dkt. # 1) in this Court on January 13, 2000. He alleged that he enrolled for training at NEC Spartan School of Aeronautics (Spartan) in 1989 and took advantage of federal student loan programs to pay for his tuition and fees at Spartan until he left the school in 1992. Dkt. # 16, at 1. He alleged that Spartan required him to sign a form allowing Spartan to keep all of the loan proceeds in excess of tuition and fees before the school would disburse the loan proceeds, and that Spartan expelled him when he complained about the practice. Id. at 2. He alleged that Spartan defrauded the federal government and violated the Higher Education Act of 1965, 20 U.S.C. § 1070 et seq. (HEA), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c) (RICO), and the United States Constitution. He also sought relief against the United States based, in particular, on enforcement of the HEA. He argued that he should not have to repay his loans or fulfill his payment obligations for his training at Spartan. Id. On May 31, 2000, the undersigned, then a magistrate judge, issued a Report and Recommendation (Dkt. # 16) recommending that Spartan's motion to dismiss for failure to state a

claim be granted because the statute of limitations had run on all of plaintiff's claims against Spartan and plaintiff lacked standing to assert his constitutional and HEA claims. The report and recommendation was accepted and Spartan's motion to dismiss was granted. Judgment for Spartan and against plaintiff was entered on November 16, 2000. Dkt. # 44. Plaintiff and the United States filed cross-motions for summary judgment. Dkt. ## 65, 66. On August 16, 2001, the Court entered an Order (Dkt. # 82) granting the United States' motion for summary judgment and denying plaintiff's motion for summary judgment. The Order stated that the action involved plaintiff's "student loans from October 1989, until June 1992, for flight training at Spartan." Dkt. # 82, at 1. In a footnote, the Order stated that plaintiff "has other outstanding student loan obligations which predate the [Federal Family Education Loan] Program loans involved herein for training at Spartan. These prior loans are not included in this lawsuit." Id. n.1. Judgment for the United States and against plaintiff was entered on August 16, 2001. Dkt. # 83. Plaintiff appealed both rulings, and the Tenth Circuit affirmed in Order and Judgments dated September 26, 2001 and April 21, 2003. Dkt. ## 89, 91.

Plaintiff filed the instant motion on July 21, 2010 (Dkt. # 92). The Court construes pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The nature of the relief plaintiff seeks is somewhat unclear, although it appears that he seeks a declaratory judgment that the United States may not proceed against plaintiff for recovery of student loan funds allegedly embezzled by Spartan. He argues that this allegation was not included in the summary judgment disposition. Dkt. # 92, at 8.

To the extent that plaintiff seeks relief from the judgments in defendants' favor pursuant to Fed. R. Civ. P. 60(b) (1), (2), or (3), the one-year time period for such motion has long expired.[1] Plaintiff's challenge to the Court's determination and resolution of the claims at issue in this matter is untimely and, further, without merit.

To the extent that plaintiff seeks to assert new or previously abandoned claims against the United States or Spartan, such claims must be asserted in a new complaint because final judgments have been entered on all claims in the instant matter.

**IT IS THEREFORE ORDERED** that Plaintiff Kevin P. Christopher's Motion, and Brief in Support, For Declaratory Relief (Dkt. # 92) is **denied**.

**DATED** this 26th day of July, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff has not alleged that the judgments are void or that they have been satisfied. Therefore, Fed. R. Civ. P. 60(b) (5) and (6) do not apply.