UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| KEVIN P. CHRISTOPHER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 00-CV-0034-CVE-PJC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| NEC SPARTAN SCHOOL OF | ) |
| AERONAUTICS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Vacate Void Judgment (Dkt. # 95). Plaintiff Kevin P. Christopher asks the Court to vacate the August 16, 2001 Order granting summary judgment in favor of the United States of America (Dkt. # 82). The United States filed a response in opposition (Dkt. # 99), and plaintiff filed a reply (Dkt. # 100).

**I.**

Plaintiff, appearing pro se, filed a Complaint (Dkt. # 1) against NEC Spartan School of Aeronautics (Spartan) and the United States of America on January 13, 2000. He alleged that he enrolled for training at Spartan in 1989 and took advantage of federal student loan programs to pay for his tuition and fees at Spartan until he left the school in 1992. Dkt. # 16, at 1. He alleged that Spartan required him to sign a form allowing Spartan to keep all of the loan proceeds in excess of tuition and fees before the school would disburse the loan proceeds, and that Spartan expelled him when he complained about the practice. Id. at 2. He alleged that Spartan defrauded the federal government and violated the Higher Education Act of 1965, 20 U.S.C. § 1070 et seq. (HEA), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c) (RICO), and the United

States Constitution. He also sought relief against the United States based, in particular, on enforcement of the HEA. He argued that he should not have to repay his loans or fulfill his payment obligations for his training at Spartan. Id.

On May 31, 2000, the undersigned, then a magistrate judge, issued a Report and Recommendation (Dkt. # 16) recommending that Spartan's motion to dismiss for failure to state a claim be granted because the statute of limitations had run on all of plaintiff's claims against Spartan and plaintiff lacked standing to assert his constitutional and HEA claims. The report and recommendation was accepted and Spartan's motion to dismiss was granted. Judgment for Spartan and against plaintiff was entered on November 16, 2000. Dkt. # 44. Plaintiff and the United States filed cross-motions for summary judgment. Dkt. ## 65, 66. On August 16, 2001, the Court entered an Order (Dkt. # 82) granting the United States' motion for summary judgment and denying plaintiff's motion for summary judgment. The Order stated that the action involved plaintiff's "student loans from October 1989, until June 1992, for flight training at Spartan." Dkt. # 82, at 1. In a footnote, the Order stated that plaintiff "has other outstanding student loan obligations which predate the [Federal Family Education Loan] Program loans involved herein for training at Spartan. These prior loans are not included in this lawsuit." Id. at n.1. Judgment for the United States and against plaintiff was entered on August 16, 2001. Dkt. # 83. Plaintiff appealed both rulings, and the Tenth Circuit affirmed in Order and Judgments dated September 26, 2001 and April 21, 2003. Dkt. ## 89, 91.

On July 21, 2010, plaintiff filed a motion for declaratory relief, seeking a declaration that the United States could not proceed against plaintiff for recovery of student loan funds allegedly

2

embezzled by Spartan.[1]  He argued that this allegation was not included in the summary judgment disposition.  Dkt. # 92, at 8.   The Court rejected plaintiff's motion, holding that to the extent that plaintiff sought relief from the judgments pursuant to Fed. R. Civ. P. 60(b)(1), (2), or (3), the one-year time period for such motion had expired.  Because plaintiff had not alleged that the judgments were void or had been satisfied, the Court found that Fed. R. Civ. P. 60(b) (5) and (6) were inapplicable.  Dkt. # 94, at 3.  The Court held that plaintiff's challenge to the Court's determination and resolution of the claims at issue in this matter was both untimely and without merit, and held that "[t]o the extent that plaintiff seeks to assert new or previously abandoned claims against the United States or Spartan, such claims must be asserted in a new complaint because final judgments have been entered on all claims in the instant matter."  Id.

Plaintiff now seeks to vacate the Court's decision on summary judgment under Fed. R. Civ. P. 60(b)(4).  He argues that the Court lacked subject matter jurisdiction to issue that decision because the United States Department of Education (DOE) failed to consider all of the issues contained in his complaint to that entity, and that, therefore, there was no final agency action.  Dkt. # 95, at 3.  Because, he argues, "there is no subject matter jurisdiction for the entire category of cases seeking review of administrative action that is not final, . . . . the [s]ummary [j]udgment must be set aside under Rule 60(b)(4) as being void."  Id.

"A district court must grant relief under Rule 60(b)(4) if the judgment is void."  Sindar v. Garden, 284 F. App'x 591, 595 (10th Cir. 2008)(unpublished).[2]  A motion under Rule 60(b)(4) may

---

[1]  The motion was reassigned to the undersigned due to the death of the original judge, The Honorable H. Dale Cook.

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1; 10th Cir. R. 32.1.

be made at any time. Id. "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2862 (2d ed. 1995). Because a court "has jurisdiction to determine its own jurisdiction," a "court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so." Id. "Absence of subject matter jurisdiction may . . . render a judgment void. . . . [o]nly where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir. 1979). "Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'" Id. "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 225 (10th Cir. 1979).

Plaintiff asks the Court to find that the order on summary judgment was void for lack of subject matter jurisdiction because the DOE had not yet made a final decision as to his complaint regarding embezzlement by Spartan. The Court has previously concluded that plaintiff's claim that the summary judgment opinion did not encompass his embezzlement complaint is "without merit." Dkt. # 94, at 3. The order on summary judgment addressed a number of bases for dismissal of plaintiff's complaint. Among these was the plaintiff's failure to cite "any provision of the Administrative Procedure Act which entitles him to an oral hearing." The Court found that "[the DOE] provided [plaintiff] an adequate opportunity to present documentary evidence of his claims,"

4

and that "[plaintiff's] claims were thoroughly investigated by the [DOE]." Thus, it concluded that "[t]he administrative record in this case clearly demonstrates that [plaintiff] received adequate opportunity to document his claims." Dkt. # 82, at 16. That decision was appealed, and the Tenth Circuit Court of Appeals affirmed on the ground that plaintiff had no private right of action under Title IV. The summary judgment decision was based on the Court's consideration of its own jurisdiction on a number of grounds, including its conclusion that plaintiff's claims had been "thoroughly investigated" by the DOE. The court's determination of its own jurisdiction is binding on that issue, and any complaints by plaintiff as to error in that determination based on the failure of the DOE to consider one of his claims are insufficient to void the prior judgment under Rule 60(b)(4).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Vacate Void Judgment (Dkt. # 95) is **denied**.

**DATED** this 16th day of August, 2011.

<ul style="list-style:none; text-align:right;">
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
</ul>